## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| CHANDRA H. BREWTON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| vs. | ) | NO._____ |
| | ) | |
| LIBERTY MUTUAL HOLDING | ) | JURY TRIAL DEMANDED |
| COMPANY, INC., LIBERTY MUTUAL | ) | |
| GROUP, INC., LIBERTY MUTUAL | ) | |
| INSURANCE CO., and THE FIRST | ) | |
| LIBERTY INSURANCE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CLASS ACTION COMPLAINT AND PETITION FOR CERTIFICATION OF CLASS ACTION

COMES NOW Plaintiff Chandra H. Brewton, individually and on behalf of all others similarly situated, and, pursuant to Rules 15 and 23 of the Federal Rules of Civil Procedure, files this Class Action Complaint, respectfully showing:

## INTRODUCTION

1.     This action relates to Defendants' failure to assess for and pay damages for diminution in value of their insureds' properties in violation of Georgia law and their insurance policies with Plaintiff and class members.

2.     Plaintiff Chandra H. Brewton maintained homeowners property insurance coverage with Defendants and timely reported a claim for direct physical loss to her home resulting from water damage.  Defendants were required not only to pay the costs of repair, but also to assess for and pay any diminution in the fair market value of the insured property.  In violation of Georgia law and in breach of their insurance contract with Plaintiff, Defendants failed to assess Plaintiff's property for diminution in value resulting from the water damage and failed to pay Plaintiff for such diminution in value.

3.     Plaintiff brings this action on behalf of herself and other current insureds of Defendants to obtain a declaration that, when presented with first-party physical damage claims arising from direct physical losses, Defendants are obligated to assess insured properties for diminution in value and, where diminution in value is found, to pay such diminished value.  Plaintiff also seeks to recover damages on behalf of herself and current and former insureds of Defendants who suffered direct physical losses to their insured properties caused by water damage but for which Defendants failed to assess for and pay diminution in value to those properties, in breach of their insurance contracts.

## JURISDICTION AND VENUE

4.     Plaintiff Chandra H. Brewton resides at, and owns the property located at, 5221 Huntcrest Place, SW, Mableton, Georgia 30126-2072.    Plaintiff's home and property are insured under a "LibertyGuard Deluxe Homeowners Policy" (Homeowners Policy) issued by The First Liberty Insurance Corporation, with Policy Number H36-258-631733-70 (the "Policy").   The Policy of insurance was applied for and obtained in the State of Georgia.

5.     Defendant Liberty Mutual Holding Company, Inc. (hereinafter sometimes referred to as "LMHC") is a Massachusetts mutual holding company. LMHC maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

6.     LMHC has numerous agents and places of business in Georgia, many of which were located in Macon, Georgia, at the time the causes of action alleged herein accrued.   LMHC continues to maintain agents and places of business in Macon, Georgia.

7.     Pursuant to Fed. R. Civ. P. 4(h), LMHC may be served with process by delivering a copy of the Complaint and Summons to an officer of LMHC, managing or general agent of LMHC, or any other agent authorized by appointment or by law to receive service of process on behalf of LMHC.

8.     Liberty Mutual Group, Inc. (hereinafter sometimes referred to as "LMGI") is a for-profit Massachusetts corporation, which maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.  LMGI maintains a registered office in the State of Georgia and is a licensed insurer in the State of Georgia.  LMGI has numerous agents and places of business in Georgia, many of which were located in Macon, Georgia, at the time the causes of action alleged herein accrued.  LMGI continues to maintain agents and places of business in Macon, Georgia.  LMGI may be served with process through its registered agent for service, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

9.     Liberty Mutual Insurance Co. (hereinafter sometimes referred to as "LMIC") is a for-profit Massachusetts corporation, which maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02166.  LMIC maintains a registered office in the State of Georgia and is a licensed insurer in the State of Georgia.  LMIC has numerous agents and places of business in Georgia, many of which were located in Macon, Georgia, at the time the causes of action alleged herein accrued.  LMIC continues to maintain agents and places of business in Macon, Georgia.  LMIC may be served with process through its registered agent for service, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

10.     Defendant The First Liberty Insurance Corporation (hereinafter sometimes referred to as "FLIC") is a for-profit Illinois corporation, which maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02166. FLIC maintains a registered office in the State of Georgia and is a licensed insurer in the State of Georgia.   FLIC has numerous agents and places of business in Georgia, many of which were located in Macon, Georgia, at the time the causes of action alleged herein accrued.   FLIC continues to maintain agents and places of business in Macon, Georgia.  FLIC may be served with process through its registered agent for service, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

11.     LMHC operates primarily through four business units: (1) Commercial Insurance; (2) Personal Insurance; (3) Global Specialty; and (4) Liberty International.  These business units utilize various trade names and trademarks, such as "Liberty Mutual Insurance" and "LibertyGuard."   Each of these business units market and underwrite insurance policies issued by the numerous insurance entities owned or controlled by LMHC.  LMHC, its various business units, and the various insurance entities it owns and/or operates are hereinafter sometimes referred to collectively as "Liberty Mutual."

12.     LMGI is a subsidiary of LMHC.

13.     LMIC is a member company and subsidiary of LMHC and LMGI.

14.   LMHC is the ultimate parent company of FLIC.

15.   FLIC is controlled by LMHC.

16.   FLIC is a subsidiary or affiliated insurer of LMGI.

17.   FLIC is controlled by LMGI.

18.   FLIC markets and underwrites insurance policies issued by certain LMGI stock insurance companies and affiliated insurers, including LMIC.

19.   FLIC is controlled by LMIC.

20.   Upon information and belief, at all relevant times herein, each Defendant acted in all aspects as agent, apparent agent, and alter ego for each other Defendant and as agent, apparent agent, and alter ego of their ultimate parent company, LMHC.

21.   Upon information and belief, at all relevant times herein, each Defendant was engaged in a joint venture with each other Defendant.

22.   Defendants share and have in common several officers and directors. For example, David H. Long is the chief executive officer of each Defendant.

23.   Defendants have a common administrative or principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02166.

24.   Defendants coordinate and commingle financial and other resources by making financial transactions between each other, by filing consolidated federal income tax returns, by issuing consolidated financial statements, and by other means.

6

The consolidated financial statements issued by Defendant Liberty Mutual Holding Company, Inc. include affiliated entities over which it exercises control, including LMIC, LMGI, and FLIC.

25.     Defendants all operate and trade under the common name of Liberty Mutual and use the same logo to identify and promote their business.  Every page of the Policy issued to Plaintiff displays the Liberty Mutual logo and name.

26.     The Policy states "Thank you for insuring with Liberty Mutual."

27.     The Policy states that questions about the Policy can be directed to LibertyMutual.com.

28.     The instructions about how to obtain information about the Policy are signed by "Your Liberty Mutual Service Team."

29.     The Policy directs that claims under the Policy can be reported to LibertyMutual.com/Claims.

30.     The Policy is titled "LibertyGuard Deluxe Homeowners Policy." "LibertyGuard" is a registered trademark owned by LMIC.

31.     Plaintiff's premium payments under the Policy are automatically withdrawn from her checking account.  Plaintiff's records reflect that these payments are made to "Liberty Mutual."

32.     Defendants' actions are sufficient to find that there is an amalgamation of each of the Defendants.

7

33.    This Court has jurisdiction over this dispute under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00.  This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1332(d)(2)(A), which provides for federal jurisdiction in class actions with minimal diversity when damages exceed five million dollars, exclusive of interest and costs.  Upon information and belief, the aggregate amount at issue in this dispute exceeds five million dollars.  In addition, "minimal diversity" is satisfied because at least one member of the proposed classes is a citizen of a State different from any defendant.  The Court has supplemental subject matter jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

34.    Venue in this Court is proper pursuant to the provisions of 28 U.S.C §§ 1391(b)(2) & (d).

## ALLEGATIONS SPECIFIC TO THE NAMED PLAINTIFF

35.    Plaintiff incorporates Paragraphs 1 through 34 as if fully set forth herein.

36.    At all times pertinent hereto, Plaintiff maintained an insurance policy issued by Liberty Mutual.

37.    Specifically, in consideration for Plaintiff's payment of premiums, Liberty Mutual, through FLIC, issued a "LibertyGuard Deluxe Homeowners Policy" to Plaintiff.

8

38.     The Policy was issued in the State of Georgia.

39.     The Policy was drafted by Liberty Mutual.

40.     Plaintiff performed all contractual conditions required of her under the Policy, including the timely payment of premiums due under the Policy.

41.     As required by Defendants, Plaintiff paid her premiums to "Liberty Mutual."

42.     Under Georgia law, coverage for diminution in value losses has been, and is, part of the contracts of homeowners insurance[1] issued by Liberty Mutual to Plaintiff and to other insureds throughout the State of Georgia.

43.     Under Georgia law, when insureds present first-party claims under their homeowners insurance policies for direct physical loss to their covered properties, the insurers are required not only to pay the costs of repair, but also to pay any diminution in the fair market value of the insured property.

44.     Implied in every contract, including the contract of insurance wherein Liberty Mutual agreed to provide coverage to Plaintiff, is the covenant of good faith and fair dealing.  Defendant Liberty Mutual had the duty to treat Plaintiff, as its insured, with the utmost good faith.

---

[1] Plaintiff uses the term "homeowners insurance" to refer to any insurance policy, however titled, issued by Liberty Mutual that provides homeowners property coverage.

45.     On January 1, 2014, Plaintiff's home and property was insured under the Policy.  As of that date, the Policy provided Plaintiff with several coverages, including "Dwelling" coverage.

46.     On January 1, 2014, Plaintiff's home, which was insured under the Policy, suffered water damage to the interior of the home; an event that was covered under the Policy.  Plaintiff timely reported the direct physical loss to Liberty Mutual and otherwise complied with the terms and conditions of the Policy.

47.      Liberty Mutual adjusted Plaintiff's claim arising out of the loss, authorized repairs to Plaintiff's home, and subsequently paid certain repair costs. Despite those repairs, as a result of this water damage to Plaintiff's property, the fair market value of Plaintiff's property was diminished.

48.     At the time Liberty Mutual authorized the repairs to Plaintiff's home and adjusted the claim, Liberty Mutual took no action to assess any diminution in the fair market value of Plaintiff's property.

49.     Liberty Mutual failed to assess Plaintiff's diminution in value loss.

50.     Liberty Mutual failed to pay Plaintiff's diminution in value loss to Plaintiff.

51.     By failing to account for diminution in value as an element of loss and by failing to pay its insured the diminution in value of its property, Liberty Mutual

breached the Policy, including the covenant of good faith and fair dealing inherent therein.

52.    Liberty Mutual's breach of contract has injured and harmed Plaintiff and has proximately caused Plaintiff damages for which Plaintiff seeks recovery.

53.    Plaintiff is entitled to declaratory and/or injunctive relief and to recover damages for Liberty Mutual's breach of contract.

## CLASS ALLEGATIONS

54.    Plaintiff incorporates Paragraphs 1 through 53 as if fully set forth herein.

55.    Plaintiff brings this action on behalf of herself and other similarly situated persons who contracted with Liberty Mutual for homeowners insurance[2] coverage for property located in the State of Georgia.

56.    Liberty Mutual has issued or been integrally involved in issuing homeowners insurance policies throughout the State of Georgia.  The Policy issued to Plaintiff is the same or substantially similar in all respects material to this action to numerous policies of insurance issued by Liberty Mutual to insureds throughout the State of Georgia.

57.    Despite the fact that its homeowners policies of insurance provide coverage for diminution in value, Liberty Mutual has implemented, and continues

---

[2] *See supra* note 1.

to implement, procedures whereby it systematically fails to assess for and pay diminution in value in first-party physical damage claims and fails to establish procedures to handle diminution in value claims.

58. Liberty Mutual's failure to assess for and pay diminution in value respecting first-party physical damage claims and Liberty Mutual's failure to establish procedures to handle such diminution in value claims has resulted in numerous and systematic breaches of contract by Liberty Mutual.

59. Plaintiff was insured by Liberty Mutual and had coverage against risks of direct physical loss to her home under the Policy. At the time Plaintiff submitted her claims to Liberty Mutual and Liberty Mutual authorized repairs to Plaintiff's home and adjusted the claim, Liberty Mutual failed to assess for and pay Plaintiff's diminution in value loss.

60. Upon information and belief, Liberty Mutual has treated all of its policyholders who have presented first-party physical damage claims under their homeowners insurance policies the same or substantially the same way Liberty Mutual treated Plaintiff when Plaintiff presented her claim in that Liberty Mutual has failed to assess for and pay diminution in value loss.

61. By paying only for repairs and by failing to assess for and pay diminution in value of its insureds' properties, Liberty Mutual's conduct has been,

and is, in violation of Georgia law and contrary to the terms, conditions, and obligations of its own contracts of insurance.

62.     Plaintiff seeks certification of two or more classes of similarly situated persons or entities in order to: (a) obtain a declaration that Liberty Mutual is obligated under the homeowners insurance policies to assess insured properties for and pay diminished value when policyholders present first-party physical damage claims arising from direct physical losses to their insured properties, which are covered events; (b) prohibit Liberty Mutual from failing to assess for and pay diminution in value, to require Liberty Mutual to establish procedures to handle such claims and notify its policyholders of such coverage, and to require Liberty Mutual in the future to honor and abide by its contractual obligations and the law of the State of Georgia to assess for and pay diminution in value when policyholders present first-party physical damage claims arising from direct physical losses to their insured properties, which are covered events; and (c) to require Liberty Mutual to pay damages for diminution in the fair market value of their properties to those insureds who, under their homeowners insurance policies, have within the period of six years preceding the filing of this civil action, presented first-party physical damage claims arising from direct physical losses to their insured properties caused by water damage, which are covered events, but for which such insureds were not paid such diminished values.

63.     Specifically, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and all others similarly situated, as a representative of the following classes:

A.

All persons currently insured under homeowners insurance policies issued by Liberty Mutual that provide coverage for property located in the State of Georgia (hereinafter the "Policyholder Class").

B.

All persons formerly or currently insured under homeowners insurance policies issued by Liberty Mutual that provide coverage for property located in the State of Georgia who, within the period of six years preceding the commencement of the instant civil action, presented first-party claims arising from direct physical losses to their properties as a result of water damage to their buildings, which are events covered by the policy, wherein diminution of value was not paid in connection with said claims (hereinafter the "Covered Loss Class").

64.     Excluded from the Policyholder Class and the Covered Loss Class are Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

**FEDERAL RULE OF CIVIL PROCEDURE 23(a)**

65.     Plaintiff incorporates Paragraphs 1 through 64 as if fully set forth herein.

66.     The Policyholder Class and the Covered Loss Class (collectively, the "Classes") are properly brought and should be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, because they satisfy the prerequisites of numerosity, commonality, typicality, and adequacy.

67.     Specifically, the members of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that Liberty Mutual insures thousands of home owners in the State of Georgia who are members of the proposed Policyholder Class and/or Covered Loss Class.

68.     The claims of Plaintiff and the members of the Policyholder Class involve common questions of law and fact, including, *inter alia*, the following: (1) whether, under Georgia law and pursuant to Liberty Mutual's homeowners insurance policies, Liberty Mutual is required to assess for, and pay to, its first- party physical damage claimants, any diminution in value to their real property sustained as the result of water damage to such property, where such damage is a covered event under the applicable insurance policy; (2) whether Liberty Mutual, once an insured reports a loss, must evaluate the claims to determine whether the insured's real

property sustained a diminution in value; (3) whether Liberty Mutual, pursuant to its insureds' homeowners insurance policies, at the conclusion of the adjustment and repair process, must pay for any diminished value; (4) whether Plaintiff and members of the Policyholder Class are entitled to declaratory relief; and (5) whether Liberty Mutual's practices complained of herein should be enjoined.

69.     The claims of Plaintiff and the members of the Covered Loss Class involve common questions of law and fact, which predominate over questions affecting only individual members of the Class, including, *inter alia*, the following: (1) whether, under Georgia law and pursuant to Liberty Mutual's homeowners insurance policies, Liberty Mutual is required to assess for, and pay to its first-party physical damage claimants, any diminution in value to their real property sustained as the result of water damage to such property, where such damage is a covered event under the applicable insurance policy; (2) whether Liberty Mutual failed to assess and/or pay for any diminution in value when its policyholders presented first-party physical damage claims arising from direct physical losses to their insured properties caused by water damage to their insureds' properties, which are covered events under the policies; (3) whether Liberty Mutual breached the terms of the homeowners insurance policies; (4) whether the claims of the Covered Loss Class arise from the same conduct constituting Liberty Mutual's breach of the homeowners insurance policies; (5) whether Liberty Mutual's practices complained

of herein should be enjoined; and (6) whether Plaintiff and members of the Covered Loss Class are entitled to monetary damages.

70.    Plaintiff's claims are typical of those of the members of the Policyholder Class because her claims have the same essential characteristics as the claims of the Class members, and her claims arise from the same course of conduct by Liberty Mutual.  In particular, Plaintiff and all of the members of the Policyholder Class maintain physical damage insurance coverage pursuant to homeowners insurance policies issued by Liberty Mutual containing identical, or substantially similar, language respecting risks of direct physical losses to their properties and provisions respecting settlement of such losses.  Plaintiff's claims arise out of contracts of insurance that have not been performed due to the uniform policies, practices, and procedures of Liberty Mutual that omit or conceal reference to, consideration of, and payment for diminution in value.  Liberty Mutual has developed policies, practices, and procedures for the repair of properties and the adjustment and settlement of claims that omit or conceal reference to, consideration of, and payment for diminution in value.  Liberty Mutual applies these policies, practices, and procedures in a similar fashion to Plaintiff and all other members of the Policyholder Class.  Plaintiff and the members of the Policyholder Class all have an interest in ensuring that Liberty Mutual adjusts claims in the future in a manner that is consistent with Georgia law.

71.    The claims of Plaintiff are typical of those of the members of the Covered Loss Class because her claims have the same essential characteristics as the claims of the class members, and her claims arise from the same course of conduct by Defendants.  Plaintiff and all of the members of the Covered Loss Class maintain, or have maintained, physical damage insurance coverage pursuant to homeowners insurance policies issued by Liberty Mutual, containing identical, or substantially similar, language respecting risks of direct physical losses to their properties and provisions respecting settlement of such losses.  Plaintiff and the members of the Covered Loss Class all made claims upon Liberty Mutual and/or the LMHC Insurance Companies for adjustment of first-party physical damage claims as a result of water damage to their properties, which are events covered under Liberty Mutual's insurance policies.  When adjusting such claims, Liberty Mutual failed to assess for and pay diminution in value losses to Plaintiff and the members of the Covered Loss Class.  Each Covered Loss Class member's contract of insurance was breached by Liberty Mutual in a substantially similar manner, i.e., by their failure to assess for and pay diminution in value.

72.    Plaintiff will fairly and adequately represent the interests of all members of the Policyholder Class and the Covered Loss Class.  Plaintiff's claims are common to all members of the Classes and Plaintiff has strong interests in

vindicating their rights. Plaintiff is represented by counsel experienced in complex and class action litigation.

## THE POLICYHOLDER CLASS MEETS THE REQUIREMENTS OF RULE 23(b)

73.     Plaintiff incorporates Paragraphs 1 through 72 as if fully set forth herein.

74.     Certification of the Policyholder Class is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

75.     Liberty Mutual has acted or refused to act on grounds that apply generally to the members of the Policyholder Class, so that final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole. Liberty Mutual has failed to evaluate and pay diminution in value losses to its insureds in a manner which is generally applicable to the members of the Policyholder Class, thereby making appropriate final injunctive relief with respect to the Policyholder Class as a whole. In particular, any final injunctive or declaratory relief would apply to the entire Policyholder Class as the rights of all Class members under the terms of the homeowners insurance policies can be addressed in one declaratory order and/or Liberty Mutual would be ordered to assess for and pay diminution in value when policyholders present first-party physical damage claims

arising from direct physical losses to their insured properties, which are covered events.

## THE COVERED LOSS CLASS MEETS THE REQUIREMENTS OF RULE 23(b)

76.     Plaintiff incorporates Paragraphs 1 through 75 as if fully set forth herein.

77.     The Covered Loss Class may be maintained pursuant to Rule 23(b)(1), (b)(2), (b)(3), and/or (c)(4).

78.     Certification of the Covered Loss Class is appropriate pursuant to Rule 23(b)(1)(A) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Liberty Mutual.  Certification of the Covered Loss Class is likewise appropriate pursuant to Rule 23(b)(1)(B) because the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

79.     Certification of the Covered Loss Class is also appropriate pursuant to Rule 23(b)(2).  Liberty Mutual has acted or refused to act on grounds that apply generally to the members of the Covered Loss Class, so that final injunctive relief

and corresponding declaratory relief is appropriate respecting the Class as a whole. Liberty Mutual has systematically breached the contracts of insurance by failing to evaluate and pay diminution in value losses to its insureds in a manner which is generally applicable to the members of the Covered Loss Class, thereby making appropriate final injunctive relief with respect to the Covered Loss Class as a whole. In particular, any final injunctive or declaratory relief would apply to the entire Covered Loss Class as the rights of all Class members under the terms of the homeowners insurance policies can be addressed in one declaratory order and/or Liberty Mutual would be ordered to assess for and pay diminution in value when policyholders present first-party physical damage claims arising from direct physical losses to their insured properties caused by water damage, which are covered events.

80.    Certification of the Covered Loss Class is also appropriate pursuant to Rule 23(b)(3) because common questions of law and fact that exist as to all members of the Class are central to the adjudication of this action and predominate over any questions solely affecting individual members of the Covered Loss Class.

81.    Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy in that, among other factors:

(a)    The interests of the Plaintiff and members of the Covered Loss Class in individually controlling the prosecution of separate actions are outweighed by the

advantages of adjudicating the common issues of fact and law by means of a class action;

(b)    The expense of prosecuting Plaintiff's and Class members' claims individually would significantly exceed any economic benefit Plaintiff or Class members could realize individually, and individual litigation would overload court dockets and magnify the delay and expense to all parties making individual litigation of liability and damages claims economically impractical and infeasible;

(c)    It is desirable that litigation of the claims occur for the Class in this forum to preserve the resources of both the Courts and the litigants, and to reduce the risk of varying and inconsistent adjudications that could occur in individual adjudications; and

(d)    Little, if any, difficulty is likely to be encountered in management of this class action because applicable law will uniformly apply to the claims of the Covered Loss Class.

82.    In the alternative, or in addition to certification under Rule 23(b), Plaintiff seeks certification of the Covered Loss Class under Rule 23(c)(4), which provides that an action may be brought or maintained as a class action with respect to particular issues.  Under Rule 23(c)(4), certification is appropriate when a Plaintiff establishes a class under Rule 23(a), and when a common issue threads through the case.

83.     In particular, Plaintiff seeks certification of the liability aspects of the claims asserted by the Covered Loss Class, including but not limited to whether Liberty Mutual breached the homeowners insurance contracts.  Specifically, the liability issues applicable to the breach of contract claim suffered by the Covered Loss Class arise from the following question: whether the Defendants breached the homeowners insurance policies by failing to assess for and pay diminution in value when its policyholders presented first-party physical damage claims arising from direct physical losses to their insured properties caused by water damage, which are covered events.  Because Liberty Mutual's conduct was uniform with respect to all members of the Covered Loss Class in that it failed to assess for and pay diminution of value, this issue is suited for class-wide issue resolution under Rule 23(c)(4).

## COUNT 1 – BREACH OF CONTRACT

84.     Plaintiff incorporates Paragraphs 1 through 83 as if fully set forth herein.

85.     During the relevant class period, Plaintiff and all members of the Covered Loss Class maintained coverage against risks of direct physical loss to their properties under policies of homeowners insurance issued by Liberty Mutual.  These policies of homeowners insurance were drafted by the insurer, and are accordingly construed against the insurer.

23

86.     Implied in every contract, including the contracts of insurance wherein Liberty Mutual agreed to provide homeowners insurance coverage to Plaintiff and the members of the Covered Loss Class, is the covenant of good faith and fair dealing.  Liberty Mutual had a duty to treat Plaintiff and the members of the Covered Loss Class with the utmost good faith.

87.     During the relevant class period, Plaintiff and the other members of the Covered Loss Class all made first-party claims against Liberty Mutual for water damage to dwellings, which were covered under the homeowners insurance policies issued by Liberty Mutual.

88.     Despite being required to do so by its policies of homeowners insurance and Georgia law, Liberty Mutual failed to evaluate the diminution in value losses of Plaintiff and the other Covered Loss Class members and failed to pay these losses to Plaintiff and the other Covered Loss Class members.

89.     By failing to account for diminution in value as an element of loss and failing to pay Plaintiff and the Covered Loss Class members the diminution in value of their properties, Liberty Mutual breached the homeowners insurance contracts, including the covenant of good faith and fair dealing inherent therein.

90.     The breaches of contract by Liberty Mutual have injured and harmed Plaintiff and the Covered Loss Class members and have proximately caused them damages.

91.    Monetary relief is not adequate to remedy the harm caused by Defendants' ongoing and/or future breaches of the homeowners insurance contracts, such that an order enjoining Defendants' ongoing and/or future nonperformance is necessary to prevent irreparable harm to Plaintiff and members of the Class.

92.    Plaintiff and the members of the Covered Loss Class are also entitled to recover damages from Liberty Mutual for breach of contract. Accordingly, Plaintiff sues on behalf of herself and the other Covered Loss Class members in order to recover for amounts due to members of that class based upon Liberty Mutual's failure to evaluate and pay diminution of value in the aforesaid first-party claims of Plaintiff and the other Covered Loss Class members.

## COUNT 2 – DECLARATORY JUDGMENT
## 28 U.S.C § 2201

93.    Plaintiff incorporates Paragraphs 1 through 92 as if fully set forth herein.

94.    There exists an actual controversy as to the responsibilities of the parties under the homeowners insurance policies issued by Liberty Mutual to Plaintiff and the members of the Policyholder and Covered Loss Classes.

95.    Section 2201 of Title 28 of the United States Code authorizes this Court to declare the rights and other legal relations of the parties where such a controversy exists.

96.    Specifically, Plaintiff and the members of the Policyholder and Covered Loss Classes contend the homeowners insurance policies issued by Liberty Mutual require Liberty Mutual to assess and pay for the diminution in value to insured properties resulting from covered losses to insured properties as more completely set forth in the preceding allegations.

97.    Plaintiff and other current insureds have an ongoing relationship with Defendants.  Because of the ongoing nature of this relationship, a breach of contract claim alone does not provide adequate relief.

## COUNT 3 – ATTORNEYS' FEES AND COSTS

98.    Plaintiff incorporates Paragraphs 1 through 97 as if fully set forth herein.

99.    Throughout the course of events described in this Complaint, Defendants have acted in bad faith, been stubbornly litigious, and/or have caused Plaintiff and members of the Policyholder and Covered Loss Classes undue trouble and expense.

100.   As a result, Plaintiff and members of the Policyholder and Covered Loss Classes are entitled to recover attorneys' fees, costs, and the expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, the Plaintiff prays:

(a)    that summons and process issue to the Defendants as required by law;

26

(b)    that Plaintiff, individually, recover compensatory damages for the injuries and damages she has incurred in an amount proven at trial;

(c)    that this Court certify the Policyholder Class and the Covered Loss Class requested herein, and that the Court find and conclude that Plaintiff is an appropriate representative of these classes;

(d)    that this Court find and conclude that the undersigned counsel fairly and adequately represent and protect the interests of the Policyholder Class and the Covered Loss Class requested herein, and certify the undersigned counsel to act as counsel for these classes;

(e)    that this Court issue a declaratory judgment that Liberty Mutual is obligated under the homeowners insurance policies to assess insured properties for and pay diminished value when policyholders present first-party physical damage claims arising from direct physical losses to their insured properties, which are covered events;

(f)    that judgment be entered against Liberty Mutual finding that Liberty Mutual breached the homeowners insurance contracts;

(g)    that judgment be entered against Liberty Mutual in such amount as will fully and adequately compensate Plaintiff and the other members of the Covered Loss Class;

(h)    that this Court issue an order enjoining any future non-performance by Defendants under the homeowners insurance contracts;

(i)    that this Court enter a permanent injunction requiring Liberty Mutual to establish procedures to handle diminution in value claims and evaluate for and, if found, pay diminution in value when policyholders present first-party physical damage claims arising from covered losses;

(j)    that this Court enter a permanent injunction requiring Liberty Mutual to make clear and obvious to policyholders their contractual right to be compensated for diminution in value losses and requiring Liberty Mutual to establish procedures to handle such diminution in value losses;

(k)    that this Court award Plaintiff and members of the Policyholder and Covered Loss Classes their costs and attorney's fees pursuant to O.C.G.A. § 13-6-11;

(l)    that Plaintiff have a trial by jury with respect to the legal claims; and

(m)    that this Court grant such other and further relief as it deems just and proper under the premises.

Respectfully submitted this 15th day of December, 2014,

/s/  Adam P. Princenthal_____
Adam P. Princenthal
Georgia Bar No. 588219
PRINCENTHAL & MAY, LLC
5901 Peachtree Dunwoody Road
Building A, Suite 525
Sandy Springs, Georgia 30328
adam@princemay.com

Richard Kopelman
Georgia Bar No. 428115
Clint W. Sitton
Georgia Bar No. 428115
KOPELMAN SITTON LAW GROUP, LLC
3405 Piedmont Road, N.E.
Suite 500
Atlanta, Georgia 30305
clint@kopelmansitton.com
richard@kopelmansitton.com

C. Cooper Knowles
Georgia Bar No. 426699
STACK & ASSOCIATES, P.C.
260 Peachtree Street, N.W.
Suite 1200
Atlanta, Georgia 30303
cknowles@stack-envirolaw.com

James C. Bradley
S.C. Bar No. 16611
Michael J. Brickman
S.C. Bar No. 874
Nina Fields Britt
S.C. Bar No. 68294
Matthew A. Nickles
S.C. Bar No. 80364
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
1017 Chuck Dawley Blvd. (29464)
Post Office Box 1007

29

Mount Pleasant, South Carolina 29465
jbradley@rpwb.com
mbrickman@rpwb.com
nfields@rpwb.com
mnickles@rpwb.com

*Attorneys for Plaintiff*