IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHANDRA H. BREWTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-436(MTT) |
| LIBERTY MUTUAL HOLDING COMPANY, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Defendant First Liberty Insurance Co. ("First Liberty") has moved to dismiss Count 2 of the Plaintiff's complaint, which seeks declaratory relief. (Doc. 7). For the following reasons, the motion is **GRANTED**.

### I.   BACKGROUND[1]

In this putative class action, Plaintiff Chandra H. Brewton seeks relief on behalf of herself and others similarly situated for the Defendants' alleged refusal to assess and pay damages for diminution in value when claims are made under their homeowners insurance policies. (Doc. 1, ¶¶ 2-3). Brewton's home suffered water damage which allegedly resulted in the diminution of the fair market value of the home. (*Id.* ¶ 47). Brewton alleges she "timely reported a claim for direct physical loss to her home resulting from water damage," but "[i]n violation of Georgia law and in breach of their insurance contract" with Brewton, the Defendants failed to assess and pay damages for diminution in the value of Brewton's property. (*Id.* ¶ 2). In Count 2, Brewton asks the

---

[1] The facts are taken from the allegations in the complaint (Doc. 1) and accepted as true for purposes of this motion.

Court to "issue a declaratory judgment that Liberty Mutual is obligated under the homeowners insurance policies to assess insured properties for and pay diminished value when policyholders present first-party physical damage claims arising from direct physical losses to their insured properties, which are covered events." (*Id.* at 27).

Though Brewton has not yet moved for class certification, she envisions two classes: (1) the "Policyholder Class" comprised of "[a]ll persons currently insured under homeowners insurance policies issued by Liberty Mutual that provide coverage for property located in the State of Georgia," and (2) the "Covered Loss Class" comprised of "[a]ll persons formerly or currently insured under homeowners insurance policies issued by Liberty Mutual that provide coverage for property located in the State of Georgia" who presented claims within the past six years for loss resulting from water damage for which damages for diminution in value were not paid. (*Id.* ¶ 63).

## II.     DISCUSSION

### A.     Standard of Review

The Federal Rules of Civil Procedure require a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**B.    Analysis**

First Liberty raises three arguments in support of its motion to dismiss Count 2: (1) to the extent the claim is based on First Liberty's prior denial of Brewton's claim, it should be dismissed because Brewton has an adequate remedy at law; (2) to the extent the claim is based on her "ongoing relationship" with First Liberty, the claim should be dismissed because she has failed to allege an imminent threat of future harm; and (3) Brewton "may not rely on the alleged threat of harm to absent class members to sustain her declaratory judgment."  (Doc. 7-1 at 2, 4, 6).

First Liberty's first argument relies on the assumption that Brewton seeks declaratory relief regarding the denial of her claim for diminution in value. However, in her response brief, Brewton clarifies that she "seeks a declaration to define the parties' *future* rights and obligations," whereas the breach of contract claim seeks recovery of

damages "incurred *in the past*." (Doc. 15 at 18). Similarly, Brewton states that "she does not … rely on an alleged threat of harm to her fellow policyholder class members to confer standing." (Doc. 15 at 9 n.2). Thus, the question is whether Brewton's declaratory judgment claim presents an actual controversy.

The Declaratory Judgment Act,[2] "echoing the 'case or controversy' requirement of Article III of the Constitution, provides that a declaratory judgment may only be issued in the case of an 'actual controversy.'" *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-127 (2007) ("[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." (citation omitted)). "Whether such a controversy exists is determined on a case-by-case basis." *Atlanta Gas Light v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citation omitted).

The Supreme Court has recognized that its decisions "do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not." *MedImmune, Inc.*, 549 U.S. at 127. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The controversy "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Emory*, 756 F.2d at 1552. "There must be a substantial likelihood that the plaintiff will suffer future injury: a 'perhaps' or 'maybe' chance is not enough." *Malowney v. Fed.*

---
[2] 28 U.S.C. § 2201(a).

*Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Emory*, 756 F.2d at 1552. Brewton bears the burden of establishing that the declaratory relief she seeks satisfies the case-or-controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

First Liberty contends Brewton "has not sufficiently pled that her alleged injury will continue or will be repeated in the future." (Doc. 7-1 at 4). On this point, Brewton alleges that "there exists an actual controversy as to the responsibilities of the parties under the homeowners insurance policies issued by Liberty Mutual to Plaintiff and the members of the Policyholder and Covered Loss Classes" and that she "and other current insureds have an ongoing relationship with Defendants." (Doc. 1, ¶¶ 94, 97). In her response to First Liberty's motion, Brewton does not point to other allegations to show that the controversy is real and immediate. She simply argues that "there is a practical likelihood that [she] will submit a future insurance claim," that she "is at a substantial risk of harm from Defendants' current and ongoing practice of refusing to assess and pay for diminished value," and that she "faces a significant risk of harm that First Liberty will deny any future claim for diminished value unless this Court orders Defendants to stop their ongoing and improper practice." (Doc. 15 at 13-14).

As stated by the Eleventh Circuit, "[t]he remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Malowny v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999). A plaintiff must allege facts to establish "a reasonable expectation that the injury

[she has] suffered will continue or will be repeated in the future." *Id.* Because Brewton's injury is contingent upon her home suffering damage, "the practical likelihood that the contingenc[y] will occur and that the controversy is a real one [is] decisive in determining whether an actual controversy exists." *GTE Directories Publ'g Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1569 (11th Cir. 1995) (citation and internal quotation marks omitted). Although it is possible that Brewton may experience damage to her home and thus a dispute with First Liberty over diminished value in the future, her allegations are insufficient to establish a reasonable expectation that her alleged injury will be repeated. "[A] plaintiff seeking declaratory … relief must allege … a real and immediate—as opposed to a merely hypothetical or conjectural—threat of *future* injury." *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) (internal quotation marks and citation omitted). Thus, simply alleging that she has an ongoing relationship with First Liberty because of the insurance policy and that there exists an actual controversy over the responsibilities of the parties under the policy is inadequate. The mere possibility that Brewton's home may suffer damage in the future is "simply too remote to satisfy the case-or-controversy requirement and permit adjudication by a federal court." *O'Shea v. Littleton*, 414 U.S. 488, 498 (1974).

Accordingly, because Brewton has failed to allege any facts from which the Court could reasonably conclude that she will suffer future injury, the Court lacks jurisdiction to adjudicate her dispute. *See id.* at 1346 (dismissing the claim for declaratory relief on the ground the plaintiffs lacked standing to assert the claim because they failed to allege they would suffer future injury, rather than on the ground the plaintiffs failed to state a claim); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("The federal

courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" (alteration in original) (citation omitted)).

### III.  CONCLUSION

Because the Court lacks subject matter jurisdiction over Brewton's claim for declaratory judgment, First Liberty's motion to dismiss Count 2 is **GRANTED**.  (Doc. 7). Brewton has asked the Court for leave to amend her complaint should First Liberty's motion be granted.  (Doc. 15 at 8).  It strikes the Court that it will be unlikely Brewton can allege facts to satisfy the requirement of a real and immediate threat of future injury. However, the Court will allow Brewton to amend her complaint within **14 days** of this Order.

**SO ORDERED**, this 19th day of January, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
